**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ALI KHAN #A201-939-250** | **CIVIL ACTION NO. 1:26-CV-00007 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **RICKEY SPINNER ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Ali Khan ("Khan"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Khan seeks release from detention.

Because there is no significant likelihood of removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I. Background

Khan is a native and citizen of Pakistan who entered the United States prior to March 12, 2008.[1] On March 2, 2020, Khan was ordered removed to Pakistan or,

[1] It is unclear when Khan entered the country, but he was first encountered by Enforcement and Removal Operations ("ERO") on March 12, 2008. ECF No. 15-1 at 2.

in the alternative, to Syria. ECF No. 15-1 at 2. He was granted deferral of removal under the Convention Against Torture. ECF No. 9 at 2.

On April 2, 2020, ERO sent three form I-241 Requests for Acceptance of Alien to the Consulate of Turkey, Embassy of Jordan, and Consulate of India. *Id.* at 2. On April 3, 2020, Khan's immigration attorney sent letters seeking Khan's acceptance to the Consulates of the United Kingdom, Japan, and Australia. *Id.*

On April 23, 2020, Khan was approved for Alternatives to Detention ("ATD") enrollment and released from ERO custody on the same day. *Id.*

On December 17, 2025, ERO served Khan with a notice of Revocation of Release, and subsequently with an I-205 Warrant of Arrest. *Id*. at 3. He has remained detained since December 17, 2025. ECF No. 9 at 2.

On January 1, 2026, ERO conducted file preparation for third country removal. ECF No. 15-1 at 3. On January 21, 2026, ERO inquired as to an update regarding cases with withholding of removal to Pakistan. *Id.* On February 22 and April 7, 2026, ERO inquired with Headquarters for an update regarding third country removal. ECF No. 15-1 at 3. As of April 9, 2025, "third country removal is pending further update." *Id.*

## II. <u>Law and Analysis</u>

The Court has jurisdiction to consider Kahn's challenge to his continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282,

at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *recommendation adopted*, No. 3:25-CV-1700, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *recommendation adopted*, No. 25-CV-1947, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas*, 533 U.S. at 701. In fact, detention for up to six months is "presumptively reasonable." *Id*. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a

likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-CV-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Kahn's removal order became final six years ago, and Kahn has now been detained beyond the presumptively reasonable period. Therefore, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Additionally, Kahn has satisfied his initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist. He was granted deferral of removal to Pakistan and Syria, the countries to which he was ordered removed. ECF No. 15-1 at 2. And although requests for acceptance were sent to the Embassy of Jordan and Consulates of Turkey, India, United Kingdom, Japan, and Australia, none of those countries accepted Kahn. *Id.*

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Kahn will be deported in the reasonably foreseeable future. The Government presents a declaration of Assistant Field Office Director Matthew Reaves, which confirms that the last request to a third country was made six years ago. ECF No. 15-1 at 2. No potential third country has even been

identified, much less contacted, since Kahn's re-detention in December 2025. So, although the Government is "going through the process of attempting to remove [Kahn]," it is no closer to removing Kahn now than it was in 2020. *Id*. at 4. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

## III. Conclusion

Because there is not a significant likelihood of Kahn's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (Doc. 1) be GRANTED and Khan be released under the conditions previously imposed.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 6th day of July, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE